UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NATIONSTAR MORTGAGE LLC,

FILED
CLERK

3/9/2016 3:50 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

               Plaintiff,

   -against-

ESTEBAN E. GARCIA, RAB
PERFORMANCE RECOVERIES, LLC,
SOUTHSIDE HOSPITAL, BROOKHAVEN
MEMORIAL HOSPITAL, STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY, AS ASSIGNEE OF RMARIO R.
CALLES, and CLERK OF THE SUFFOLK
COUNTY DISTRICT COURT,

              Defendants.
----------------------------------------------------------------x

**ORDER**
15-CV-1854 (ADS)(SIL)

**APPEARANCES:**

**Gross Polowy LLC**
*Attorneys for the Plaintiff*
900 Merchants Concourse, Suite 412
Westbury, NY 11590
     By: Michael W. Nardolillo, Esq., Of Counsel

**NO APPEARANCES:**

**Esteban E. Garcia**
*Defendant*

**RAB Performance Recoveries, LLC**
*Defendant*

**Southside Hospital**
*Defendant*

**Brookhaven Memorial Hospital**
*Defendant*

**State Farm Mutual Automobile Insurance Company, as Assignee of Rmario R. Calles**
*Defendant*

**Clerk of the Suffolk County District Court**
*Defendant*

**SPATT, District Judge:**

On April 6, 2015, the Plaintiff Nationstar Mortgage LLC (the "Plaintiff" or "Nationstar") filed a complaint against the Defendants Esteban E. Garcia ("Garcia"); RAB Performance Recoveries, LLC; Southside Hospital; Brookhaven Memorial Hospital; State Farm Mutual Automobile Insurance Company, in its capacity as the assignee of one Rmario R Calles; and the Clerk of the Suffolk County District Court.

The complaint asserted claims arising under the New York Real Property Actions and Proceedings law, and sought to foreclose on a mortgage secured by real property located in Riverhead (the "Premises"). According to the complaint, the Plaintiff is the holder of the promissory note, which is secured by the mortgage. See Compl. ¶ 2. The Defendant Garcia owns the Premises. See id. ¶ 3. The remaining Defendants allegedly possess various liens encumbering the Premises, each of which is subordinate to the Plaintiff's mortgage. See id. ¶¶ 4-8.

On June 2, 2015, the Clerk of the Court noted the default of all of the Defendants.

On July 7, 2015, the Plaintiff moved for a default judgment.

On July 8, 2015, the Court referred this matter to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On October 19, 2015, Judge Locke issued a Report and Recommendation (the "R&R") recommending that the Plaintiff's motion for a default judgment be granted, and damages awarded as follows: (i) $145,566.19, representing the unpaid principal balance due under the promissory note; (ii) $56,916.38 in accrued unpaid interest under the note, together with per diem interest of $22.93 for each day until judgment is entered; (iii) post-judgment interest in accordance with 28 U.S.C. § 1961, which requires that such interest be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered; (iv) $5,098.83 for property inspections, a broker price opinion, and property preservation costs; and (v) $36,733.73 in escrow advances.

Judge Locke recommended granting in part and denying in part the Plaintiff's request for litigation costs. In this regard, although the Court took judicial notice of the $400 filing fee in this action and Suffolk County's $80 notice of pendency filing fee, both of which are entitled to be reimbursed, the Plaintiff failed to submit any invoices, receipts, or other documentary proof to support its request for an additional $990 in alleged service fees, and $275 that it claims to have "paid for searches."

Further, Judge Locke recommended denying without prejudice the application of the Plaintiff's counsel, namely, Gross Polowy, LLC, for an award of attorneys' fees. In this regard, the court noted that counsel failed to submit

contemporaneous time records that would allow the court to assess the reasonableness of its request for a $3,500 fee award.

With respect to the Plaintiff's request for a judgment of foreclosure and sale of the Premises, and the appointment of a referee, Judge Locke recommended the following: (i) that the Plaintiff be determined to have established its presumptive right to foreclose upon the Premises due to the Defendant Garcia's default; (ii) that one Thomas H. Stock, Esq. be appointed as the referee to effectuate the foreclosure and sale of the Premises; and (iii) that the proceeds of the sale be applied to the total amount owed on the promissory note, as set forth above.

Finally, the Plaintiff's motion for a default judgment seeks to reform the subject mortgage to include certain terms that were erroneously omitted from the description of the Premises, but which accurately reflect the parties' true intent. Judge Locke granted in part and denied in part this request. In particular, having reviewed the proof submitted by the Plaintiff, Judge Locke found that two of the Plaintiff's proposed amendments to the Mortgage reflected mutual mistakes that warrant reformation – namely, (i) the omission of the term "Suffolk County" in the description of the location of the Premises; and (ii) the omission of the northerly boundary in the metes and bounds description of the Premises. The court's R&R includes proposed modified language to reflect these modifications.

However, Judge Locke found that there was insufficient evidence to warrant including the phrase "with the buildings and improvements thereon erected, situated" into the language of the mortgage. He recommended that the partial

denial of this portion of the motion be without prejudice to the Plaintiff's ability to renew upon the submission of appropriate documentation.

On October 20, 2015, the Plaintiff filed proof of service of the R&R on all of the Defendants. More than fourteen days have elapsed since service of the R&R on the Defendants, each of whom has failed to file an objection. Nor has the Plaintiff filed any additional proof.

Therefore, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the October 19, 2015 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted, to the extent set forth above. The Clerk of the Court is directed to enter judgment consistent with this Order, and to close this case.

It is **SO ORDERED**

Dated:      Central Islip, New York      */s/ Arthur D. Spatt*
                March 9, 2016                ARTHUR D. SPATT
                                     United States District Judge